UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Case No. _____

Tim Mackey and Daniel Shoemaker as
Trustees of the Minnesota Laborers Health
and Welfare Fund, Tim Mackey and Daniel
Shoemaker as Trustees of the Minnesota
Laborers Pension Fund, Tammy Braastad and
Tim Mackey as Trustees of the Minnesota
Laborers Vacation Fund, Fred Chase and Joe
Fowler as Trustees of the Construction
Laborers' Education, Training, and
Apprenticeship Fund of Minnesota and North
Dakota, Mark Ryan and Dave Borst as
Trustees of the Minnesota Laborers
Employers Cooperation and Education Trust,
the Minnesota Laborers Health and Welfare
Fund, the Minnesota Laborers Pension Fund,
the Minnesota Laborers Vacation Fund, the
Construction Laborers' Education, Training,
and Apprenticeship Fund of Minnesota and
North Dakota, and the Minnesota Laborers
Employers Cooperation and Education Trust,

**COMPLAINT**

        Plaintiffs,

vs.

Ice Dam Steam Team & Outdoor Services
Inc.,

        Defendant.

_____

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

        1.      Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund,

the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the

Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and

North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2.      The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3.      Defendant Ice Dam Steam Team & Outdoor Services Inc. ("Ice Dam") is a Minnesota business corporation with a registered address of 2821 Louisiana Avenue South, St. Louis Park, MN 55426.  Ice Dam is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4.      This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5.      The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTS

6.      The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

2

7.     Since at least February 19, 2018, Ice Dam has been bound to the terms of a collective bargaining agreement negotiated between a multi-employer bargaining committee of Landscape contractors and the Laborers District Council of Minnesota and North Dakota on behalf of its affiliated local Unions with a term of May 1, 2017 through April 30, 2020 ("CBA").

8.     The CBA provides that Ice Dam is bound to the Trust Agreement for each of the following:  the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

9.     The CBA requires Ice Dam to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by its employees covered by the CBA.

10.     The CBA requires Ice Dam to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Ice Dam's monthly payment to the Funds.

11.     The CBA states that Ice Dam shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

12.     The CBA requires Ice Dam to maintain adequate records to identify the type of work being performed by employees to allow the Funds to determine whether Ice Dam is accurately reporting hours to the Funds.  If Ice Dam fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be

determined, Ice Dam is liable for all the hours worked by that individual for whom Ice Dam is unable to produce satisfactory records verifying the type of work being performed by that individual.

13.     Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Ice Dam to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

14.     If Ice Dam fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Ice Dam is liable for all of the hours worked by that individual for whom Ice Dam is unable to produce satisfactory records verifying the type of work being performed by that individual.

15.     The CBA states that if Ice Dam becomes delinquent, Ice Dam shall be required to pay as liquidated damages an amount equal to ten percent of the payment otherwise due.

16.     The CBA states that if Ice Dam becomes delinquent, Ice Dam shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

17.     The CBA states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO SUBMIT REPORTS AND CONTRIBUTIONS

18.     The Funds re-allege and incorporate by reference paragraphs 1-17 herein.

19.     Ice Dam breached the terms of the CBA by failing to pay the amount due for contributions for the months of November and December 2018.

20.     Pursuant to the remittance reports submitted by Ice Dam for the months of November and December 2018, $3,870.90 is due and owing for unpaid contributions.

21.     Ice Dam further breached the terms of the CBA by failing to submit the remittance reports and contributions due and owing for the month of January 2019.

22.     Upon information and belief, Ice Dam employed individuals performing work covered by the CBA during the month of January 2019 on whose behalf contributions are due and owing and continues to do so.

23.     Every month, until this matter is resolved either through dismissal or judgment, Ice Dam will be obligated to remit the report forms as described above as required by the CBA and will be required to remit payment for the benefit contributions due pursuant to the hours disclosed.

24.     If Ice Dam fails to remit the report forms as required by the CBA during the pendency of this litigation, the Funds will not have an adequate means of verifying the proper amounts due and owing to the Funds, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Ice Dam's employees.

25.     In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

26.     Ice Dam should be enjoined from further refusal and failure to remit report forms and contributions.

27.     Ice Dam is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Ice Dam is unable to produce satisfactory records verifying the type of work performed by any such individuals.

28.     Pursuant to the CBA, Ice Dam is liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Funds in collecting amounts due.

29.     Ice Dam is liable to the Funds for liquidated damages in the amount of $387.09 the months of November and December 2018 as well as interest charges pursuant to the CBA.

30.     Ice Dam is liable to the Funds for liquidated damages in the amount of ten percent any unpaid contributions due and owing for the month of January 2019 and any other months becoming due during the pendency of this litigation and interest charges on any unpaid contributions pursuant to the CBA.

## COUNT II
## ERISA DAMAGES

31.     The Funds re-allege and incorporate by reference paragraphs 1-30 herein.

32.     The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

33.     The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

34.     The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Ice Dam Steam Team & Outdoor Services Inc. as follows:

6

1.      For judgment in the amount of $3,870.90 for unpaid contributions due and owing for the months of November and December 2018.

2.      For an order requiring the Defendant to submit to Plaintiffs all remittance report forms for month of January 2019 accurately and completely identifying all hours worked by its employees covered by the CBA.

3.      For an order requiring the Defendant to submit to Plaintiffs all remittance report forms which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees covered by the CBA.

4.      For judgment against Defendant for all amounts to be proven at trial for delinquent contributions shown to be owing to the Plaintiffs pursuant to any remittance reports submitted in connection with this action, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

5.      For an award of costs, disbursements and attorney fees according to law.

6.      Such other and future relief as the Court deems just, equitable or proper.

Date: March 7, 2019                    MCGRANN SHEA CARNIVAL
                                       STRAUGHN & LAMB, CHARTERED


                                   By:   s/ Amy L. Court
                                         Carl S. Wosmek (Atty. No. 300731)
                                         Amy L. Court (Atty. No. 319004)
                                         Christy E. Lawrie (Atty. No. 388832)
                                         800 Nicollet Mall, Suite 2600
                                         Minneapolis, MN 55402
                                         Telephone: (612) 338-2525
                                         csw@mcgrannshea.com
                                         alc@mcgrannshea.com
                                         cel@mcgrannshea.com

                                         *Attorney for Plaintiffs*

1126427.DOCX